## DECLARATION OF THOMAS MCLAREN

1.        I make this statement from personal knowledge and under penalty of perjury.

2.        I am the defendant in Adversary Case No. 14-1388; I am also the representative of my mother R. J. Edwards who is the defendant in Adversary Case No. 14-1389. We are creditors of my brother's estate and the trustee has filed these lawsuits to challenge the claims we filed in my brother's case.

3.        These cases are apparently set for trial next week on March 26, 2015.

4.        We seek a postponement of these trials because we were never appropriately notified and, as a result, we are not prepared and do not have an attorney to represent us. (Moreover, because we were unaware of the trials we set firm alternative plans that now conflict with those trials, as explained below.)

5.        I live at 5805 NW Rhododendron, Newport, Oregon 97365. My mother lives with me at this address. I handle all her affairs and receive all her mail at my address. When we filed our proofs of claim, we gave that address on our claims.

6.        I investigated the cause of why we failed to receive notice and found:

7.        The manager of our cases is Morgan Brannon and she said the Notice of Trial and Order Setting Deadlines was sent out December 8, 2015, to us at the wrong address of 1904 7th St., Anacortes, Washington. The Notice was undeliverable there and was then received back at the court by Return Mail Notice on December 23. The court never re-sent the notices to us.

8.        The address of 1904 7th Street, Anacortes, Washington where the notice was sent is not and has never been our address. We have never resided there or received mail there. (Although that address was my brother's former address, he has not lived there or received mail there for about a year; nor is mail forwarded to him from that address.)

9.        The Notice of Trial & Order Setting Deadlines that we failed to receive apparently contained pre-trial deadlines for disclosing evidence and witnesses. Those deadlines are now expired and we were unaware of them because we never received the notice.

10.       I did not learn of the imminent trial until a letter dated March 5 was sent to me at my correct address of 5805 NW Rhododendron, Newport, Oregon which arrived last week while I was out of town. Upon opening the letter upon my return I found it was a reminder about the upcoming trial. Enclosed in the letter was the Notice of Trial & Order Setting Deadlines that I should have received a few months earlier. I promptly called Trustee Peter Arkison on Friday

and we briefly discussed the trial, and the missed deadlines. I was perturbed by the imminent trial, the missed deadlines, and not having an attorney; he too was concerned about not having received my materials and witnesses for trial. (Mainly, however, he wanted to persuade me to reduce and settle our claims with him in lieu of trial.)

11.     I also began a prompt search for Seattle lawyers who would handle the trials next week. In the past two days I have spoken with three lawyers who all declined. (One lawyer said she would likely take our cases but only if they are postponed.) All three lawyers told me that, realistically, no lawyer will take our cases on such short notice.

12.     Because I was not informed, I made alternate plans – *life-changing plans* – that conflict with the March 26 trial date. My mother's capacity is now ebbing and the plans concern finalizing her affairs. I scheduled flights for my mother and me to fly on March 26 to my mother's home in Michigan to completely wrap up her affairs there and move her permanently to Oregon. Those plans include appointments for selling (or listing, if the sale fails) her house, moving her house contents, and completely settling her substantial affairs there. A lot was planned, appointments set, and flights tickets purchased before I learned of the imminent trials.

13.     Finally, with regard to Adversary Case No. 14-1389, my mother is no longer competent to testify in court, or for that matter handle any of her affairs. Once we hire a lawyer, I will investigate with the lawyer how to handle her incapacity for trial. My mother is 92, and her mental condition has recently slipped very fast. She is no longer competent to testify and her doctor concurs and is preparing a report in support. As she is no longer competent to testify as a witness, someone (probably me) will have to testify for her is that is the correct procedure. (I expect that the lawyer we retain will handle this new complication to her case.)

14.     For these reasons, I believe it would be manifestly unfair for our trials to proceed on March 26. For myself and for my mother, I respectfully ask the court to postpone our trials and give us adequate opportunity to hire a lawyer, adequately prepare for trial, and specially arrange presentation of my mother's case due to her incapacity.

15.     I am signing this declaration not only on behalf of myself, but also on behalf of my 92 year old mother who is no longer mentally competent to handle her affairs as judged by me and her doctor.

Dated March 20, 2015.

_____

T. A.F. McLaren, pro se and for R.J. Edwards